**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EDWIN RIVERA,

                Plaintiff,

- v -
                                            1:21-CV-995
                                            (MAD/DJS)

US NORTHERN DISTRICT COURT ALBANY,

                Defendant.

**APPEARANCES:**                                       **OF COUNSEL:**

EDWIN RIVERA
Plaintiff, *Pro Se*
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

Plaintiff filed a Complaint in this action and filed a request to proceed *in forma pauperis* on September 7, 2021. Dkt. Nos. 1 & 6. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I.  DISCUSSION

#### A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

### B. Analysis of the Allegations Contained in Plaintiff's Complaint

In his Complaint, Plaintiff alleges that he was improperly incarcerated from August 15, 2019 through September 23, 2019. Dkt. No. 1-1 at p. 1. He alleges that he was sentenced by the Northern District of New York Court in Albany to a period of incarceration, and that his release date should have been August 15, 2019, but that he was not released until September 23, 2019. *Id.* He alleges that when he was released, he was not provided sufficient support to assist in his acclimation back to society. *Id.* Plaintiff alleges that Janice Irving of the Designations and Sentence Computation Center should have notified the appropriate offices to ensure that his sentence was computed correctly, and that he filled out complaint forms while in prison to try to get someone to recalculate his time but no one would listen to him. *Id.* Plaintiff alleges that his constitutional rights were violated, that this subjected him to increased PTSD and anxiety, and that he should have been released on his wedding anniversary. Dkt. No. 1 at p. 1.

Plaintiff appears to bring this action pursuant to the Federal Tort Claims Act ("FTCA"), as he has included an FTCA complaint form as part of his submission. Dkt. No. 1. The FTCA "waived the sovereign immunity of the United States for certain torts

committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1995) (citing 28 U.S.C. § 1346(b)). Several factors warrant dismissal of the Complaint at this point. Initially, Plaintiff appears to be alleging a constitutional violation, *see* Dkt. No. 1 at p. 1 ("Due to the over detention I was subjected to increased PTSD, anxiety and a violation of my constitutional rights.") & Dkt. No. 1-1 at p. 2 ("I should be compensated for this injustice and violation of my constitutional rights"), immunity for which is not waived by the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. at 477-78. Therefore, his claim is barred by the doctrine of sovereign immunity. *See Benyi v. New York*, 2021 WL 1406649, at *7 (N.D.N.Y. Mar. 23, 2021) (recommending dismissal of claims against United States District Court for the Northern District of New York on the basis of sovereign immunity).

In addition, an individual bringing a legal action against the United States may only do so if he or she has "first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This requirement "is jurisdictional and cannot be waived. Exhaustion must be pleaded affirmatively." *Johnson v. Wolfe*, 2019 WL 5784704, at *4 (S.D.N.Y. Nov. 5, 2019) (internal citations omitted). Here, Plaintiff has submitted an FTCA claim form as part of his Complaint, Dkt. No. 1, which he signed on August 30, 2021, the same date that is included on his letter to the Court, Dkt. No. 1-1, and is only eight days before he filed the Complaint with the Court. Therefore, it appears that Plaintiff did not properly present the claim to the appropriate agency and receive a

final denial by the agency prior to filing the Complaint; indeed, it appears that he filed his claim as part of his Complaint, at the same time that he filed the Complaint. As such, Plaintiff has not satisfied the exhaustion requirement and the Court recommends the Complaint be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are "substantive rather than formal and [ ] leave to amend would be futile." *Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d Cir. 2013). Because the basis for Plaintiff's Complaint is not entirely clear, and Plaintiff has not yet been given an opportunity to amend the pleading, the Court recommends that Plaintiff be given an opportunity to amend the Complaint prior to dismissal.

## II. CONCLUSION

**WHEREFORE**, it is hereby

4

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 29, 2021
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).