**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**EDWIN RIVERA,**

                              **Plaintiff,**

   vs.                                                     1:21-CV-995
                                                                                   **(MAD/DJS)**

**US NORTHERN DISTRICT COURT ALBANY,**

                              **Defendant.**

_____

**APPEARANCES:**                                 **OF COUNSEL:**

**EDWIN RIVERA**
24 Tanners Lane #2
Hudson, New York 12534
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action alleging that he was improperly incarcerated from August 15, 2019 through September 23, 2019. *See* Dkt. No. 1-1 at 1. Plaintiff alleges that he was sentenced in the Northern District of New York to a period of incarceration, and that his release should have been August 15, 2019, but that he was not released until September 23, 2019. *See id.* Moreover, Plaintiff claims that, upon his release, he was not provided with adequate support to assist in his acclimation back to society. *See id.* Plaintiff alleges that Janice Irving of the Designations and Sentence Computation Center should have notified the appropriate offices to ensure that his sentence was properly computed and that he filled out complaint forms while in BOP custody in an attempt to have his sentence recalculated. *See id.* Plaintiff appears to bring this action pursuant to the Federal Tort Claims Act ("FTCA"), as he has included an FTCA

complaint form as part of his submission, and appears to assert both tort and constitutional claims. *See* Dkt. No. 1.

In a Report-Recommendation and Order, Magistrate Judge Stewart conducted an initial review of the complaint and recommended that the Court dismiss the complaint, but that the Court should grant Plaintiff an opportunity to amend. *See* Dkt. No. 9. Specifically, as to the constitutional claims, Magistrate Judge Stewart found that they are subject to dismissal because, although the FTCA waived the United States' sovereign immunity as to certain claims, it does not waive immunity for claims of constitutional violations. *See id.* at 3 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1995)). As to the claims not subject to dismissal on immunity grounds, Magistrate Judge Stewart found that Plaintiff failed to demonstrate that he exhausted his administrative remedies before filing this action, as required by the FTCA. *See id.* (citing 28 U.S.C. § 2675(a)). Despite these defects, Magistrate Judge Stewart recommended granting Plaintiff leave to amend in light of his *pro se* status. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's complaint must be dismissed. As Magistrate Judge Stewart noted, Plaintiff's constitutional claims are subject to dismissal because the FTCA does not waive the United States' sovereign immunity as to claims asserting constitutional violations. *See Meyer*, 510 U.S. at 477-78. Moreover, although Plaintiff appears to have filed an administrative claim with the Northern District of New York on or about August 30, 2021, he filed his complaint in this action on September 7, 2021. *See* Dkt. No. 1. As such, it is clear that Plaintiff failed to comply with the exhaustion requirements of the FTCA and his tort claims are subject to dismissal. *See Johnson v. Wolfe*, No. 19-cv-5784704, *3-4 (S.D.N.Y. Nov. 5, 2019).

Finally, in light of his *pro se* status, the Court will grant Plaintiff an opportunity to submit an amended complaint, despite the Court's serious misgivings about the viability of any potential claim Plaintiff may bring. In addition to the deficiencies noted above, the Court further observes that Plaintiff has alleged injuries stemming from the improper execution of his federal sentence. Although Plaintiff has named the Northern District of New York as the named Defendant in this action, the sentencing court is not responsible for the execution of his sentence. Rather, the Bureau of Prisons is responsible for the execution of a criminal defendant's sentence, which

3

includes determining the prisoner's release date.  As such, Plaintiff was required to exhaust his administrative remedies with the Bureau of Prisons and not the Northern District of New York. *See Morrow v. Federal Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010); *see also Ballard v. Sessions*, No. 2:19-cv-260, 2020 WL 905401, *1-2 (N.D. Ind. Feb. 24, 2020). Additionally, the FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  Here, however, Plaintiff's claim likely accrued on August 15, 2019, the date he claims he should have been released from custody.  However, Plaintiff's attempt to administratively exhaust with this Court was not filed until August 30, 2021, beyond the two-year statute of limitations.  Despite these observations, the Court will nevertheless permit Plaintiff an opportunity to amend his complaint in light of his *pro se* status.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff must file his amended complaint, if any, within **TWENTY (20) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within twenty (20) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 28, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge